Argued January 26, affirmed February 24, 1972

POFF, *Appellant, v.* PFEIFER ET UX, *Respondents.*

493 P2d 1370

*George G. Van Natta,* St. Helens, argued the cause for appellant. On the brief were Van Natta & Petersen, St. Helens.

*Davis B. Williamson,* St. Helens, argued the cause for respondents. With him on the brief were Williamson & Whipple, St. Helens.

TONGUE, J.

This is a suit by the executrix of an estate to set aside a deed to real property and a bill of sale to personal property, both as made by the decedent to the defendants, and for an accounting and other relief.

The complaint alleges that decedent was "elderly, ill and failing in mind and body"; that the defendants "induced" decedent to depend upon them and acquired such an influence over her that she did as they directed, with the result that they became "custodians" of both her property and her person. It is also alleged that by the use of "pressure which was unfair" defendants obtained a transfer of cattle belonging to decedent "for a stated consideration of $4,500," which "was not paid at all" and also solicited a deed to real property then worth $8,000, for which they paid nothing. The complaint also alleges, among other things, that defendants also received other property and money from decedent; that defendant Ellen Pfeifer became her conservator, and that defendants should be required to file a proper accounting.

In the course of a two-day trial the testimony of eleven witnesses was received. These included the witnesses to the bill of sale for the cattle and the attorney who prepared the deed to the real property and was present when it was executed. The witnesses also included several friends and neighbors of the decedent. After considering all of this testimony the trial judge prepared the following memorandum opinion:

> "The court has carefully reviewed the facts of this suit and the law applicable thereto and concludes that the deceased, Ruth Virginia Zimmerman, was of sound mind at all times when cattle was sold and when real estate transfers were made. The facts establish that she was a woman of strong

character, she had a strong mind and that she knew what she was doing.

"The facts do not establish that there was any overreaching on the part of defendants. On the contrary, they cared for her in her latter days with some concern. From the time of the fire she did weaken, but this was long after any sales or transfers were made.

"The only object of her bounty was a son. The deceased disowned him years before so it cannot be said that she forgot him.

"Any inference has been overcome by the donees.

"Decree shall be granted to defendants."

We have carefully reviewed the entire record, including both testimony and exhibits, and agree with the decision by the trial judge. Assuming, as we do, that defendants occupied a confidential relationship to decedent, the testimony of the witnesses offered on behalf of defendants was more than sufficient to establish that both the bill of sale and the deed were the free and voluntary acts of a competent person and that decedent did, in fact, receive $4,500 in payment for the cattle, even though she may later have "buried it."

In *Atkeson v. Holly*, 258 Or 276, 482 P2d 737 (1971), under similar facts, we affirmed a deed conveying real property to friends who cared for the decedent until he died, as in this case. If anything, the facts of this case in support of the contention of a confidential relationship and undue influence are weaker than those in *Atkeson*. As in *Atkeson*, we find nothing unnatural or unjust in these transactions, other than the subsequent disappearance of the $4,500. Also, as in that case, the findings of the trial judge, who had the benefit of observing the witnesses and hearing them testify, are

entitled to considerable weight. It would serve no useful purpose to set forth the facts in detail.

We also affirm the approval by the trial court of the conservatorship account, particularly in view of the fact that there is no proper basis in the record for reviewing that ruling, since a copy of the conservatorship file was not submitted as an exhibit in this case, although that file was reviewed by the trial court, without objection. Cf. *Atkeson v. Holly,* 258 Or 265, 482 P2d 732 (1971).

Affirmed, with costs to defendants.